IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CLAUDIA VERONICA AMAYA LAINES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:18-CV-578-RP |
| | § | |
| DANIEL BIBLE, RONALD VITIELLO, | § | |
| KIRSTJEN NIELSEN, and | § | |
| JEFFERSON SESSIONS, | § | |
| *in their official capacities*, | § | |
| | § | |
| Respondents. | § | |

**<u>TRANSFER ORDER</u>**

Before the Court is Petitioner Claudia Veronica Amaya Laines' ("Amaya") Petition for Writ of Habeas Corpus pursuant to 8 U.S.C. § 2241, (Dkt. 1), filed July 11, 2018. In her Petition, Amaya challenges her continued detention by U.S. Immigration and Customs Enforcement ("ICE").

Amaya is a citizen of El Salvador seeking asylum in the United States based on alleged violence and threats directed against her by criminal gangs and a police officer in her home country. (Petition, Dkt. 1, at 2). She crossed the border with her 7-year-old son on May 21, 2018 and they presented to U.S. Customs and Border Protection ("CBP") officers. (*Id.*). She and her son were detained at a holding facility near Laredo, Texas, for three days. (*Id.*). On the third day, May 23, 2018, she entered a guilty plea to one count of illegal entry in violation of 8 U.S.C. § 1325(a)(1) before the United States District Court for the Southern District of Texas, McAllen Division. (*Id.*); *see also* Judgment, *United States v. Amaya-Lainez*, No. 7:18-PO-04301 (S.D. Tex., May 23, 2018), Dkt. 3. When she returned to the holding facility after entering her plea, she was informed that her son had been taken by CBP agents to an unknown location. (*Id.* at 2–3). According to Amaya, as of the filing of her petition, she and her son had not been reunited. (*Id.* at 3). Amaya was transferred and held at the T. Don Hutto Detention Center in Taylor, Texas. (*Id.* at 1).

On June 15, 2018, Amaya was interviewed by Asylum Officer James Gilbert. Gilbert determined that Amaya was credible but did not demonstrate that she is seeking asylum on a protected ground. (*Id.* at 3). On June 18, 2018, she received the results of this interview and requested review of the decision by an immigration judge pursuant to 8 U.S.C. § 1225(b)(2)(B)(iii)(III). (*Id.*). On June 20, 2018, Amaya acquired counsel who agreed to represent her in her immigration proceeding *pro bono*. (*Id.*). On Friday, July 6, 2018, counsel filed a Motion to Vacate Asylum Officer's negative credible fear finding on the grounds that the immigration judge had not reviewed the finding within seven days. (*Id.* at 4).

About three days later, at approximately 11:00 p.m. on July 9, 2018, ICE transferred Amaya to the Port Isabel Detention Center in Los Fresnos, Texas, where she is currently held. (*Id.*). She challenges her continued detention in light of the fact that she sought review of the asylum officer's negative credible fear finding and more than seven days have elapsed since her request. (*Id.* at 8). She asks the Court to order Respondents to release her immediately, or in the alternative, return her to the T. Don Hutto Detention Center. (*Id.* at 10).

Amaya states that proper venue for a habeas petition under 8 U.S.C. § 2241 is typically the petitioner's district of confinement, which in this case is the Southern District of Texas, Brownsville Division. Nevertheless, she argues, citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 493 (1973), that venue is proper in the Western District of Texas because (1) her petition is premised on the credible fear determination and appeal to the immigration judge that occurred in this district and the associated records and witnesses may be found here, and (2) the Austin Division of the Western District of Texas is a far more convenient forum to both parties. On the other hand, Amaya's immigration proceedings and conviction originated in the Southern District of Texas, she is no longer detained in this district, and—as she represents—the immigration judge in this district will

lose jurisdiction over her case due to her transfer. Accordingly, the Court concludes that under these specific facts, the Southern District of Texas is the appropriate venue for Amaya's *habeas* claim.

It is therefore **ORDERED** that this matter is **TRANSFERRED** to the Southern District of Texas, Brownsville Division.

**SIGNED** on July 19, 2018.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE